No. 4185.

(Court of Appeal, Parish of Orleans.)

WILLIAM BOLDEN vs. D. H. BARNES.

ON MOTION TO DISMISS.

The Supreme Court in its decree transfering the appeal in this cause to the Court of Appeal having omitted to fix a new return day and the law giving authority to the Supreme Court to transfer appeals (Act 56, 1904) being silent as to the time for filing the record in he Court, the appellant is entitled to a reasonable time in which to properly lodge his appeal.

Appeal from Civil District Court, Division "A."

Armand Romain, for Plaintiff and Appellee.

Miller, Dufour & Dufour, for Defendant and Appellant.

ESTOPINAL, J. This cause was appealed to the Supreme Court and by that Court transfered to this for want of juris-diction.

The decree of the Supreme Court transferring the appeal was rendered on January 21st, 1907, and became final on February 5th, 1907, the Court omitting to fix a new return day therein.

It is urged upon us that the record should have been filed in the Court of Appeal on the next regular return day of the Court after the decree or order of transfer became final, or within three days thereafter. The return day next following the finality of the decree of transfer was February 11th, 1907, and the contention is made that the appellant should have filed the record in this Court not later than the 14th of February, 1907, and that the lodging of the appeal on the 21st of February instead, is not timely.

In an investigation of the point urged we have found neither rule nor law requiring the filing of the record of a transferred appeal on the next return day after the finality of the decree of transfer.

The order of transfer of the Supreme Court fixes no return day, though it is doubtless within the authority of htat Court

to do so. In the absence of any such fixing, however, it is our opinion that the appellant is entitled to and should be allowed a reasonable delay in which to properly lodge his appeal.

It was necessary to prepare a new transcript. Had the return day been fixed and under that fixing sufficient time was not had to prepare the record then in that case it would have been imperative for appellant to apply for additional time.

There was no necessity for such action here, since no time was fixed by the Supreme Court and none is provided by statute.

For the Court to adopt the views of the learned counsel who urges this motion would mean the assumption by it of legislative function.

The appeal was filed within a reasonable time. This is sufficient.

Motion denied.

## ON THE MERITS.

Questions of fact only are involved herein which are resolved in favor of plaintiff, but the damages awarded are reduced.

MOORE, J. The defendant, who is a contractor and builder, was engaged in the construction of a building and, to facilitate the work thereon, had erected there a scaffold some 25 feet in height. He had the plaintiff in his employ as a common laborer. On the occasion when the accident hereinafter stated occurred the plaintiff was engaged in carrying up lumber to the top of the scaffold. When he had reached the top of the scaffold it suddenly gave way, precipitating him to the ground with great force and covering him with the timber and debris of the fallen structure. He sustained as the result of this accident a partial dislocation of the hip joint and the fracture of a leg near the ankle.

He was assisted to the hopsital where he remained for about two days, thence returning to his home where he had the attention of his own physician. The latter paid him but two visits, advising him to return to the hospital, which he did, remaining there, however, only one day. It does not appear that he had any medical treatment or attention after this, al-

though he says that he remained in bed at home for a month and a half and was unable to work for three months after the injuries were sustained. His physician, who testified on his behalf, says that the injuries were painful, although the partial dislocation of the hip joint "was trifling, not serious"; the fracture of the leg, he added, though a simple fracture, was the more serious of the two injuries.

It is conclusively established that the falling of the scaffold was the result of defective construction and that the plaintiff in no wise contributed to said accident. He had nothing to do with the building of the scaffold, which was erected by defendant's carpenter under the direction of the foreman and supervision of the superintendent of defendant.

It was their duty to see to it that the scaffold was so constructed that plaintiff and the oher laborers in and about the building who were required to go upon it in the discharge of their duties, ccuid do so with safety. This duty the defendants servants who were charged with this work failed to discharge. It is shown that the timbers used were too heavy for the light support which they had from underneath and that being insufficiently braced it yielded under the weight of plaintiff and the timber he was carrying. There was nothing in the appearance of the scaffold to indicate its insecurity or to warn plaintiff of the danger. Trusting, as he had a right to do, that his employer had seen to it that the scaffold was fit and safe for the purpose for which it was intended, he went upon it in the discharge of his duties with the result stated. Defendant is, therefore liable for all damages sustained by defendant. The plaintiff's suit is for $2000.00, the judgment being for $750. From this judgment the defendant appeals, the appellee answers it and prays for an amendment in his favor for the full amount claimed. The plaintiff testified that although he was working for plaintiff at the time of the accident for $1.50 per day, owing to the fact that the reason for his usual avocation, that of landing freight shipments for the Southern Pacific Railroad and Steamship Company, had not yet opened, he usually earns $3.00 a day when at his regular work. He says that he was unable to work for three months after the accident.

He does not say when the season for the character of work

in which he is usually employed opens; but if we assume that it had already opened when the accident occurred and that he could at once have gotten employment thereat, which is problematical, and at the rate of $3.00 per day, and that he would have been steadily employed at it for, say 26 working days in each month, or a total of 78 days for the three months he was unable to work, he could have thus earned but $234.00, or $516.00 less than the amount awarded him by the judgment appealed from.

He is not shown to have suffered any very great pains or any pains for any great length of time and there was nothing wilful or malicious in defendant's conduct which superinduced the accident and which might thus influence the awarding of large exemplary or punitive damages. Everything considered, we think that $400.00 would fully, if indeed it did not more than fully recompense plaintiff for his injuries.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount thereof from seven hundred and fifty dollars to the sum of four hundred dollars and as thus amended the judgment is affirmed.